UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 2:10-CR-080 |
| | ) | |
| ANDRES MALAVE, | ) | |
| Defendant. | ) | |

## DEFENDANT'S 18 U.S.C. § 3582(c)(2) MOTION TO REDUCE SENTENCE

    NOW COMES defendant Andres Malave, by and through counsel, and submits this motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. Mr. Malave was identified by the Sentencing Commission as an individual who is eligible for a reduction. As explained below, Mr. Malave seeks a reduction to 135 months imprisonment. In support of this request, the defendant offers the following:

    1. Mr. Malve was sentenced by this Court on June 13, 2011, to 188 months imprisonment for conspiracy to distribute Oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846.

    2. At sentencing, the Court concluded that the offense involved between 3,000 and 10,000 kilograms of marijuana equivalent, which resulted in a base offense level of 34 under § 2D1.1 of the Sentencing Guidelines. The Court determined that no special offense characteristics applied, but increased Mr. Malave's offense level by 3 levels based on his role in the offense pursuant to § 3B1.1.

    3. Based on his 2 Criminal History points, the Court concluded that Mr. Malave was in Criminal History Category II. With acceptance of responsibility, Mr. Hill's

[1]

Guideline Range was 168-210 months in Criminal History Category II.  However, the Court granted the government's motion for an upward departure and departed horizontally to Criminal History Category III, which made Mr. Malave's Guideline Range 188-210 months (level 34, CHIII).  The Court sentenced Mr. Malave to 188 months imprisonment.

4. Mr. Malave is presently in the custody of the Bureau of Prisons at FCI Fort Dix in New Jersey; his projected release date is February 17, 2024.

5. Under Amendment 782, Mr. Malave's amended Guideline Range is 135-168 months, as set forth below:

| | |
|---|---|
| Base Offense Level (3-10,000kg THC equivalent) | 32 |
| Role in the offense | +3 |
| Reduction for Acceptance of responsibility (§ 3E1.1) | -3 |
| Adjusted Offense Level | 32 |
| Amended Guideline Range (CHII) | 135-168 months |

6. The government may argue that Mr. Malave's amended Guideline Range should be 151-188 months (level 32, CHIII) because of the Court's horizontal departure to Criminal History Category III.  The Sentencing Commission's amendments to § 1B1.10 preclude this argument.

7. Section 1B1.10 limits eligibility to those defendants who's applicable guideline range is lowered by an amendment to the Sentencing Guidelines.  Application Note 1(A) makes it clear that the "applicable guideline range" is the guideline range "before consideration of any departure provision in the Guidelines Manual."

[2]

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).

U.S.S.G. § 1B1.10 cmt. 1(A). In Mr. Malave's case, the applicable guideline range is the range before the Court granted the government's motion for a upward departure (level 34, CHII).

8. Section 1B1.10(b)(1) requires that the Court determine the "amended guideline range that would have been applicable" if the retroactive amendment had been in force. This, again, is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.* cmt. 1(A). Importantly, it is this amended range that sets the floor for any potential amended sentence and § 1B1.10(b)(2)(A) clearly proscribes any sentence "that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."

9. Application Note 3 reiterates the fact that the amended guideline range establishes a floor and explains that:

> [I]f the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1).

[3]

*Id.* at cmt. 3.  Except where substantial assistance is involved, Application Note 3 makes it clear that the same floor applies whenever "the term of imprisonment was outside the guideline range applicable to the defendant." *Id.*  This rule applies without regard to whether the sentence was "outside the guideline range" because of a downward or upward departure.

10. As explained above, the amended guideline range for Mr. Malave—that is, the "guideline range that would have been applicable to the defendant if the amendment to the guidelines . . . had been in effect at the time the defendant was sentenced," *id.* § 1B1.10(b)(1)—is 135-168 months (level 32, CHII).  It is this range that represents the floor for a new sentence in Mr. Malave's case.

11. Finally, it bears noting that in the context of a request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) the Supreme Court of the United States has ruled that the Sentencing Guidelines (including § 1B1.10) are mandatory.  *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010) (rejecting claim that *Booker v. United States* applied to 18 U.S.C. § 3582(c)(2) proceedings and explaining that "Dillon's Sixth Amendment rights were not violated by the District Court's adherence to the instruction in § 1B1.10 to consider a reduction only within the amended Guidelines range").

12. Mr. Malave's record since being sentenced demonstrates that his is a case in which a reduction is appropriate.  Mr. Malave's BOP transcript—attached as Exhibit A—documents that as of November 2014, Mr. Malave had completed nearly 900 hours of educational, vocational, and therapeutic programming (including drug

education). Notable amongst these programs are the parenting classes Mr. Malave has completed as well as the other therapeutic programming such as *Bridges to Success* and *Coping with Work and Family Stress*. *See* Exhibits A & B. Also notable is the fact that Mr. Malave has worked as a GED Tutor starting in October 2011. Exhibit C. This type of work—assisting others to obtain their GEDs—is a tangible demonstration of the progress Mr. Malave has made since being sentenced by this Court in 2011.

13. Mr. Malave's work in these therapeutic programs, as a GED Tutor, and in furtherance of his own vocational training represents an important indication that Mr. Malave is taking an active role in preparing for his eventual release and his new life. In short, the fact that Mr. Malave has taken meaningful steps to address drug addiction, to help others, and to obtain marketable skills should give the Court assurance that Mr. Malave represents a minimal recidivism risk and is likely to be a success once released. In this respect, it bears mentioning that Mr. Malave will be nearly 40 years old at the time of his release, if his sentence was reduced to 135 months. Finally, it is also important to note that studies done by the Sentencing Commission make it clear that individuals benefiting from retroactive reduction in their sentences are no more likely to reoffend than the BOP population as a whole. U.S. Sentencing Comm'n, *Recidivism Among Offenders Receiving Retroactive Sentence Reductions: The 2007 Crack Cocaine Amendment* (May 2014).

For all the foregoing reasons, Mr. Malave respectfully requests that the Court issue an amended sentence pursuant to 18 U.S.C. § 3582(c)(2) of not more than 135 months.

Dated at Burlington, Vermont this 8th day of September, 2015.

ANDRES MALAVE

By: */s/ Barclay T. Johnson*
Barclay T. Johnson
Research & Writing Attorney

MICHAEL L. DESAUTELS
Federal Public Defender
Office of the Federal Public Defender
126 College Street, Suite 410
Burlington, VT 05401
(802) 862-6990
(802) 862-7836 (Fax)

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.  2:10-CR-080 |
| | ) | |
| ANDRES MALAVE, | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2015, I electronically filed DEFENDANT'S 18 U.S.C. § 3582(c)(2) MOTION TO REDUCE SENTENCE with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the United States Attorney's Office via Assistant United States Attorney Michael Drescher at michael.drescher@usdoj.gov and Lauren.Gebo@usdoj.gov.  I further state that I have provided a copy to Barbara Masterson, Assistant United States Attorney, United States Attorney's Office via barbara.masterson@usdoj.gov.

By:  /s/ Barclay Johnson
Barclay Johnson

MICHAEL L. DESAUTELS
Federal Public Defender
Office of the Federal Public Defender
126 College Street, Suite 410
Burlington, VT 05401
(802) 862-6990
(802) 862-7836 (Fax)

[7]