UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No.  2:10-CR-80-02 |
| | : |
| ANDRES MALAVE, | : |
|     Defendant | : |

**GOVERNMENT'S RESPONSE TO MOTION TO REDUCE SENTENCE**

The United States of America, by and through its attorney, Eric S. Miller, United States Attorney for the District of Vermont, hereby files its response to defendant Andres Malave's Motion to Reduce Sentence.  For the following reasons, the government believes the Court should grant the Motion in part and sentence Malave using the reduced base offense level, but sentence him at an increased Criminal History category, as it did in the original sentencing.

**I.      PROCEDURAL HISTORY**

On May 13, 2010, the grand jury returned a six-count indictment charging Malave and others with various drug trafficking offenses.   On January 14, 2011, Malave pleaded guilty to a single-count Information charging him with conspiracy to distribute Oxycodone.

The Presentence Report (PSR) contained the following Guideline calculations:

```
34     base offense level (more than 10,000 80 mg Oxycodone pills = 5,360 kilograms of
       marijuana – range 3,000-10,000 kilograms of marijuana (Section 2D1.1(c)(6))
+4     role in the offense (Section 3B1.1(a))
+2     obstruction of justice (Section 3C1.1)
-3     acceptance of responsibility (Section 3E1.1)
37     total adjusted offense level
```

Malave's prior convictions placed him in Criminal History category II.   That resulted in a Sentencing Guideline range of 235-293 months, though the sentence was capped by the

1

240-month statutory maximum.

The government moved for an upward departure based on under-representation of Criminal History. In 2004, Malave was being tried for trafficking more than 200 grams of cocaine in Massachusetts state court. He absconded before the jury returned its guilty verdict and a default warrant was issued. Because he was convicted in the Massachusetts case but not sentenced on the count which carried a 15-year mandatory minimum sentence, he only received one Criminal History point. Had he been sentenced on the count of conviction, he would have received three Criminal History points and been placed in Criminal History category III. (PSR ¶ 69; Transcript of Sentencing Hearing (Document 510), at 31).

At sentencing, the Court agreed with the base offense level of 34 in the PSR, but declined to apply the enhancement for obstruction of justice and reduced the role in the offense enhancement to three levels. After applying the three-level reduction for acceptance of responsibility, the revised total offense level was level 34. The Court granted the government's motion for an upward departure and increased Malave's Criminal History category to category III. The adjusted Guideline range was 188-235 months. The Court sentenced Malave to 188 months imprisonment.

On September 8, 2015, Malave filed his Motion to Reduce Sentence.

**II.   ARGUMENT**

The government agrees that Malave is eligible for application of the two-level reduction to his base offense level based on the retroactive amendment to the Guidelines. His base offense level should thus be reduced from level 34 to level 32. After application of the role in the offense enhancement and the reduction for acceptance of responsibility, his total offense level should be

32. At Criminal History category II, as found in the PSR, Malave's range is 135-168 months. At Criminal History category III, which the Court used at the original sentencing, Malave's range is 151-188 months. The government believes that the Court should impose a sentence of 151 months, consistent with its prior Criminal History category ruling.

The government disagrees with Malave's contention that the Court must ignore its prior decision to grant an upward departure in Malave's Criminal History. After determining first whether a defendant is even eligible for a reduction, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." *Id.* app. note 1(B)(i); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").

Subject to the limits set forth in Section 1B1.10(b), to be discussed below, the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note

explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).[1] A district court has "substantial discretion" in deciding whether to reduce a sentence; even "[a]n agreement between the government and the defendant that a sentence reduction is appropriate does not bind the judge; nor is the judge's consideration of the question limited to the factors the parties regard as relevant." *United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009).

Accordingly, many courts have denied sentencing reductions in situations where guideline amendments lowered the sentencing ranges. *See, e.g., United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013) (denial of sentence reduction was not an abuse of discretion, though earlier sentence reduction had been granted despite defendant's prison misconduct, and defendant had not engaged in any new prison misconduct); *United States v. Styer*, 573 F.3d 151, 154-55 (3d Cir. 2009) (denial based on nature of original criminal conduct); *United States v. Stevenson*, 332 F. App'x 261 (6th Cir. 2009) (reduction denied despite eligibility under amendment, based on disciplinary infractions in prison, and lengthy criminal record); *United States v. Dunn,* 728 F.3d 1151, 1159-60 (9th Cir. 2013); *United States v. Arceneaux*, 297 F. App'x 819 (10th Cir. 2008) (unpublished) (reduction denied due to disciplinary record in prison); *United States v. Melton*, 2008 WL 1787045

---

[1] In *Vautier*, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." *Vautier*, 144 F.3d at 759.

(W.D.N.C. 2008) (denial based on nature of offense); *United States v. Craig*, 2008 WL 1775263 (W.D.N.C. 2008) (denial based on the facts of the case); *United States v. Suell*, 2008 WL 2845295 (N.D. Tex. 2008) (motion denied because defendant benefitted from a favorable plea agreement in which charges were dismissed and the sentence was reduced); *United States v. Reynolds*, 2008 WL 2367254 (S.D. W. Va. 2008) (motion denied because defendant's criminal conduct was "nothing short of egregious"), *aff'd*, 309 F. App'x 703 (4th Cir. 2009) (unpublished). *Cf. United States v. Sifford*, 2008 WL 2048387 (W.D.N.C. 2008) (in exercise of the court's discretion, it affords only a partial reduction, in light of the defendant's record), *aff'd*, 309 F. App'x 705 (4th Cir. 2009) (unpublished). *See also United States v. Marion*, 293 F. App'x 731 (11th Cir. 2008) (unpublished) (district court's consideration of the defendant's criminal history was proper, when denying a reduction motion, even though this was the same factor it considered at his original sentencing hearing).

At the original sentencing in Malave's case, the Court found that the original Criminal History score

> does not accurately reflect the seriousness of his conduct. He was convicted of this particular offense [cocaine trafficking]. He would have been facing a very significant period of imprisonment. He would have been at criminal history category three had he not fled the jurisdiction, and it seems to me, in light of that particular conviction, criminal history category three more accurately reflects the seriousness of his criminal record, but it also, frankly, reflects the likelihood of recidivism because he had fled right in the middle of a trial. So the government's motion for an increase in the criminal history score is granted.

(Transcript of Sentencing Hearing (Document 510), at 49). Nothing has occurred to change the fact that because of his own misdeed in fleeing before the guilty verdict was returned and thus not being sentenced on the cocaine trafficking conviction, Malave avoided being awarded three

5

Criminal History points for that conviction. Granting the upward departure at Malave's original sentencing simply corrected that ill-gotten gain and placed Malave in the appropriate Criminal History category. Moreover, if the Court does not, at this time, correct the Criminal History category to category III, as it did at the original sentencing, Malave would receive a windfall wholly unrelated to the purpose of the retroactive sentencing guideline reduction, which is to correct excessive drug sentences. The Court should exercise its discretion and sentence Malave at the reduced total offense level of 32, but at Criminal History category III, which more accurately reflects his criminal history.

### III.    CONCLUSION

For all of the foregoing reasons, the government respectfully submits that the Court should sentence defendant Andres Malave to 151-months imprisonment.

Dated at Burlington, in the District of Vermont, this 22nd day of October, 2015.

<div style="margin-left: 50%;">

Respectfully submitted,

UNITED STATES OF AMERICA

ERIC S. MILLER
United States Attorney

By:   */s/ Barbara A. Masterson*
BARBARA A. MASTERSON
Assistant U.S. Attorney
P.O. Box 570
Burlington VT 05402-0570
Barbara.Masterson@usdoj.gov

</div>